[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11091
Non-Argument Calendar
_____

| FILED |
| U.S. COURT OF APPEALS |
| ELEVENTH CIRCUIT |
| APRIL 4, 2011 |
| JOHN LEY |
| CLERK |

D.C. Docket No. 8:09-cr-00337-EAK-TBM-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDUARDO ALFONSO TORRES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 4, 2011)

Before EDMONDSON, PRYOR, and BLACK, Circuit Judges.

PER CURIAM:

Eduardo Alfonso Torres appeals his 135-month sentence for drug trafficking offenses, in violation of 46 U.S.C. §§ 70503(a), 70506(a)-(b), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2. No reversible error has been shown; we affirm.

Torres challenges the procedural and substantive reasonableness of his sentence. He contends that the district court failed to consider the 18 U.S.C. § 3553(a) sentencing factors as they applied to his case and failed to explain how his case was a "typical" case justifying a guidelines sentence.

We review a final sentence for procedural and substantive reasonableness. United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008). A sentence may be procedurally unreasonable if the district court fails to explain adequately the chosen sentence. Id. We evaluate the substantive reasonableness of a sentence under an abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). The party challenging the reasonableness of a sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).[1]

_____

[1]Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the

We conclude that Torres's 135-month sentence -- which fell at the bottom of the applicable guidelines range -- was reasonable both procedurally and substantively. See id. at 788 (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). The sentence was well below the statutory maximum of life. See 21 U.S.C. § 960(b)(1)(B)(ii); United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum).

No procedural error occurred. The court stated that it had considered the section 3553(a) factors and the arguments of the parties (including the arguments raised in Torres's sentencing memorandum for a below-guidelines sentence) and explained that a sentence at the low end of the guidelines range was appropriate for Torres's case. The district court's statement of reasons was sufficient. See United States v. Rita, 127 S.Ct. 2456, 2468-69 (2007) (a lengthy explanation is not necessarily required when a judge decides to follow the guidelines in a particular case, especially where a sentencing judge has listened to the arguments of the

---

Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

parties, considered the supporting evidence, and was aware of the special conditions of the defendant).[2]

Torres's argument that the court's statements did not reflect a consideration of relevant section 3553(a) factors plainly is belied by the record. The court noted that Torres was more educated than most drug trafficking defendants caught on the open seas and noted that he had operated his own business in Colombia. The court also commended Torres for his debriefing with the government, a factor that Torres argued warranted a lower sentence. And the court also noted that debriefing carried with it many dangers, and the 135-month sentence helped to protect Torres's family back in Colombia. Thus, the court considered Torres's history and characteristics and the circumstances of the offense. See 18 U.S.C. § 3553(a)(1)-(2)(A). Nothing supports Torres's contention that the district court treated the guidelines range as presumptively reasonable, especially given that the court recognized its ability to sentence Torres below the guidelines range.

---

[2]Nothing supports Torres's contention that the district court must explain explicitly that a case is typical and, therefore, deserving of a guidelines sentence. The court must give an adequate explanation of its sentence, but this obligation requires no specific language. See id. at 2468 (explaining that the sentencing judge has to "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority"); Talley, 431 F.3d at 786 (the court is not required to "state on the record that it has explicitly considered each of the [section] 3553(a) factors" or to discuss each of them individually).

Here, Torres was involved in a drug smuggling operation of a large quantity of cocaine on the high seas.  Given the dangers to the public from this crime and, under the circumstances, for the district court to impose a sentence within the guidelines range was reasonable. We cannot say that the sentence failed to reflect the purposes of sentencing or that the district court committed "a clear error of judgment in weighing the [section] 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See United States v. Pugh, 515 F.3d 1179, 1203 (11th Cir. 2008).  Torres has not carried his burden of showing that his sentence is unreasonable.

AFFIRMED.